UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS WOODARD,     )
          )
        Plaintiff,     )    Case No. 1:05-cv-731
          )
v.          )    Honorable Wendell A. Miles
          )
JACQUELIN HOWIE et al.,     )
          )
        Defendants.     )
_____)

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint because it fails to state a claim and Defendants Jacquelin Howie, Julie Montgomery and Michael Jaconette are immune from a suit for monetary damages.

**Discussion**

I.     Factual Allegations

Plaintiff is presently incarcerated at the Gus Harrison Correctional Facility.  He is serving a prison term of fourteen to thirty years for a January 27, 2003 conviction of first-degree criminal sexual conduct.  In his *pro se* complaint, Plaintiff sues Calhoun County Court Reporters Jacquelin Howie and Julie Montgomery for intentionally altering his preliminary examination and trial transcripts in violation of his due process rights and committing a "fraud on the court."  Plaintiff also sues Calhoun County Assistant Prosecutor Michael Jaconette as an accessory after the fact for failing to report the alterations of the transcripts to the trial court and for "the wrongful initiation of the criminal proceeding."

In the preliminary examination transcript, Plaintiff argues that Defendant Montgomery altered Nurse Phyllis Vanorder's January 2, 2002 testimony.  Plaintiff states that his trial attorney asked Nurse Vanorder whether the victim sustained her injury due to normal intercourse.  Nurse Vanorder allegedly replied "yes."  Plaintiff argues that the transcript omits this question.  As a result, he alleges that his criminal charges should have been dropped.

In the trial transcript, Plaintiff complains that Defendant Howie intentionally changed his December 6, 2002 testimony regarding the delay in his arraignment.  Since he waited six days in jail before being arraigned, Plaintiff argues that his testimony reveals the trial court committed reversible error.[1]  For relief, Plaintiff requests that this Court find the Defendants guilty of the charged offenses.

---

[1]Plaintiff filed a § 1983 complaint in this Court on September 12, 2003, alleging a violation of his constitutional rights for spending several days in jail before he was arraigned and read his *Miranda* rights.  *See Woodard v. Calhoun County Jail,* No. 1:03-cv-585 (W.D. Mich.).  The Court dismissed Plaintiff's action for failure to state a claim on October 20, 2003.

II.      Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.      **Habeas Action**

For relief, Plaintiff requests that this Court find the Defendants guilty of the charged offenses. The Court cannot grant the type of relief sought by Plaintiff in this case. "The Court is not an investigative body, nor does it have the authority to investigate state criminal proceedings." *Dayton v. People of the State of Michigan,* No. 5:05-cv-105 (W.D. Mich. Oct. 28, 2005). Because Plaintiff contends that the criminal charges against him may have been dropped if Defendant Montgomery included Nurse Vanorder's testimony in the preliminary examination transcript, Plaintiff's complaint essentially challenges the legality of his incarceration by the State of Michigan. He also argues that the trial court committed reversible error by delaying his arraignment.

A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to

secure release from illegal custody).[2]  Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed.  *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of  *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253 (c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rule of § 1915(g)).

To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Id.* at 486-87.  The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief.  *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (declaratory relief); *Clarke v. Stadler*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief

---

[2]Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.

intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive). Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated. Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted.

### III.   Immunity

Even if Plaintiff specifically requested relief in the form of monetary damages in his complaint, this Court finds Defendants Jaconette, Howie and Montgomery are entitled to immunity.

#### A.   **Assistant Prosecutor Jaconette**

Plaintiff sues Assistant Prosecutor Jaconette as an accessory after the fact and for the wrongful initiation of his criminal proceeding. Assistant Prosecutor Jaconette is entitled to absolute immunity for his actions in prosecuting the criminal action against Plaintiff. The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). The Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lomaz*, 151 F.3d at 497. Acts which occur in the course of the prosecutor's role as advocate are entitled to protection of absolute immunity in contrast to investigatory or administrative functions that are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993); *Grant*, 870 F.2d at 1137. In the Sixth Circuit, the focus of the inquiry is how

closely related is the prosecutor's conduct to his role of an advocate intimately associated with the judicial phase of the criminal process. *Spurlock*, 330 F.3d at 797; *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997). Obviously, initiating a criminal prosecution against Plaintiff is part of the prosecutor's role as an advocate. Accordingly, Assistant Prosecutor Jaconette is entitled to immunity.

### B.    Court Reporters Howie and Montgomery

Absolute judicial immunity is extended to non-judicial officers who perform "quasi-judicial" duties. Quasi-judicial immunity should be granted to state officials when (1) their positions are akin to that of judges; (2) the potential for vexatious lawsuits is great; and (3) enough safeguards exist to protect the complainant's constitutional rights. *Purisch v. Tennessee Tech. Univ.*, 76 F.3d 1414, 1421 (6th Cir. 1996); *see also Bush v. Rauch*, 38 F.3d 842 (6th Cir. 1994) (functional approach to quasi-judicial immunity). A court clerk who performs tasks that are an integral part of the judicial process is entitled to absolute quasi-judicial immunity from suits for damages. *See Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997); *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988); *accord Carlton v. Baird*, No. 03-1294, 2003 WL 21920023, at *1 (6th Cir. Aug. 8, 2003) (state court clerk's office employees were entitled to quasi-judicial immunity from state prison inmate's § 1983 claim); *Lyle v. Jackson*, No. 02-1323, 2002 WL 31085181, at *1 (6th Cir. Sept. 17, 2002) (quasi-judicial immunity applied to claims against state court clerks who allegedly failed to provide prisoner with requested copies of previous filings and transcripts); *Sharp v. Traynor,* Nos. 96-1125 & 96-1160, 1997 WL 299384, at *1(6th Cir. June 4, 1997) (court reporter was entitled to immunity under MICH. COMP. LAWS § 691.1407(2) as long as the reporter was acting within the scope of his authority and his conduct did not amount to gross negligence); *Reid v. Washtenaw Circuit Court,* No. 84-1632, 1986 WL 16808, at *2 (6th Cir. Apr. 9, 1986) (court reporter was entitled to qualified

immunity for properly filing a transcript).  Defendants Howie and Montgomery clearly acted on behalf of the trial court when they prepared a record of the court hearing.

Acts performed by governmental employees fall outside the scope of their duties if they are performed with an inappropriate, ulterior purpose.  *See Sharp,* 1997 WL 299384, at *1. Plaintiff has provided no evidence that Defendants Howie and Montgomery intentionally altered the transcripts to harm Plaintiff or that they held any animosity toward Plaintiff.  Accordingly, Defendants Howie and Montgomery are entitled to quasi-judicial immunity.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and Defendants are immune from liability for damages.   Plaintiff's complaint therefore will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: <u>January 3, 2006</u>                                    <u> /s/ Wendell A. Miles</u>
                                                                      Wendell A. Miles
                                                                      Senior U.S. District Judge